No. 23-40556

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

BLAKE J. WATTERSON,

Plaintiff-Appellant,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; MERRICK GARLAND, U.S. Attorney General; and UNITED STATES OF AMERICA

Defendants-Appellees.

On Appeal from the United States District Court
for the Eastern District of Texas

**REPLY IN SUPPORT OF MOTION TO DISMISS**

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney General*

DAMIEN DIGGS
  *United States Attorney*

ABBY C. WRIGHT
SEAN R. JANDA
BEN LEWIS
 *Attorneys, Appellate Staff*
 *Civil Division, Room 7250*
 *U.S. Department of Justice*
 *950 Pennsylvania Ave., NW*
 *Washington, DC 20530*
 *202-514-2494*

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY ........................................................................... 1

ARGUMENT ................................................................................................................ 1

CONCLUSION ............................................................................................................ 6

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## INTRODUCTION AND SUMMARY

This Court lacks appellate jurisdiction. As explained in the motion to dismiss, the district court has not denied plaintiff's request for injunctive relief. And there is every indication that the district court would promptly rule on the merits of that request. Indeed, after this appeal was filed, on October 11, 2023, the district court explained that it had been "evaluating the merits" of plaintiff's latest injunctive request but could no longer do so because plaintiff's notice of appeal divested jurisdiction. *See* Dkt.53, at 1. Plaintiff gave the district court *one day* after the interim injunction expired to rule on his latest motion to further extend injunctive relief before appealing to this Court.

In arguing to the contrary, plaintiff confuses wins for losses. Plaintiff purports to appeal the previous denial of a request for injunctive relief, Dkt.7, but the district court granted him an injunction in response to that request. He references orders granting and extending that injunction, Dkts.37, 44, but he suffered no adverse effects from those orders. And although he claims to appeal the denial of a motion to extend his injunction further, Dkt.42, the court stated a likelihood of success on that motion and set expedited briefing to resolve it. These arguments should be rejected, and the appeal dismissed.

## ARGUMENT

1. This Court lacks jurisdiction over plaintiff's appeals from the effective denial of his initial motion for a preliminary injunction, *see* Dkt.7, which was in fact granted

1

for the duration of an appeal in *Mock v. Garland*, 75 F.4th 563 (5th Cir. 2023). In opposition to the government's motion to dismiss, plaintiff (at 4-14) gives a blow-by-blow account of the procedural history in the district court, suggesting that the district court did not act quickly enough on various motions. But even assuming that were true, it is not enough to give this Court appellate jurisdiction.

    Plaintiff's suggestions are, in any event, baseless. As is clear, that history reflects only that the district court properly attempted to give considered judgment to the administrative, constitutional, and equitable issues in this case, with appropriate deference to this Court's parallel consideration in *Mock v. Garland*. Like the district court in *General Land Office v. Biden*, the district court here properly deferred full consideration of more permanent relief pending the decision of a higher court. *Cf.* No. 22-40110, 2022 WL 3010699, at *1 (5th Cir. July 29, 2022) (per curiam) (declining to "review a decision on [a] preliminary injunction that the district court has yet to make" where the district court issued a stay pending a Supreme Court decision). The only difference here was to plaintiff's benefit: the court gave plaintiff relief in the meantime.

    2. Plaintiff's contention that the district court effectively denied his latest motion to extend his injunction beyond the decision in *Mock v. Garland*, *see* Dkt.42, is no more effective.

    a. Plaintiff cannot establish appellate jurisdiction on this basis because injunctive relief was not denied. His latest motion was under active consideration by

the district court, *see* Dkt.53. As explained in the government's motion, it is well established that a district court is entitled to "time for a study of the record and the applicable law," *NAACP v. Thompson*, 321 F.2d 199, 202-03 (5th Cir. 1963). There is every indication here that the court was considering plaintiff's request, as it ordered expedited briefing and stated as much. Indeed, it is plaintiff who has deprived the district court of its ability to rule on the motion to extend the injunction. *See* Dkt.53, at 1 (explaining after this appeal was filed, on October 11, 2023, that the court had been "evaluating the merits" of plaintiff's latest injunctive request but could no longer do so because plaintiff's notice of appeal divested jurisdiction). As explained, there was a total of three weeks between the end of the expedited briefing schedule and the date when plaintiff appealed. And due to the continued attention of the district court, plaintiff had an injunction for nearly all of that time. This Court should dismiss this appeal to permit the district court to rule on plaintiff's motion. *See* Dkt.53.

b. In any event, effective denial is not the only requirement. And plaintiff has hardly attempted to demonstrate that there would be any serious consequences to dismissing this appeal. *See Sherri A.D. v. Kirby*, 975 F.2d 193, 203-04 (5th Cir. 1992) (permitting interlocutory appeal only where serious harms "may be effectively addressed only by an immediate appeal"). Even setting aside that it is plaintiff whose actions have deprived him of an opportunity for a ruling, plaintiff defends only one assertion of harm: that he faces "irreparable harm on a daily basis" because he is

3

"depriv[ed] of his Second Amendment rights." Pl.'s Opp'n 21-22. By this he means that he believes that he cannot use his pistol with the brace that he bought.

As explained in the government's motion, plaintiff's inability to use an attachment does not amount to a Second Amendment injury, let alone a "serious" one sufficient to justify an exception to foundational principles of appellate jurisdiction. *See* Gov't Mot. 14. Plaintiff, for example, nowhere alleges that he is unable to use his firearm without an attached brace.

3. Plaintiff next shifts ground, arguing (at 17-18) that the district court's orders granting him relief pending the appeal in *Mock v. Garland*, *see* Dkts.37, 44, were themselves appealable interlocutory orders because they gave him only a limited individualized injunction that refused him a nationwide injunction and expired when the appeal ended. But it is commonplace for a district court to issue individualized injunctive relief that lasts for a more limited duration than an entire case, and nothing about those orders previews an eventual refusal of injunctive relief. (If anything, it is the opposite.). If inaction "is not an order refusing injunctive relief," it is hard to see how granting an individualized injunction for some period of time could be, as the district court gave no indication that it was foreclosing such relief in the future. *Overton v. City of Austin*, 748 F.2d 941, 951 (5th Cir. 1984). Here, as explained, the district court's orders simply deferred consideration of some of plaintiff's requests out of deference to this Court and ensured that plaintiff would have interim relief as the law of this circuit came to bear.

In any event, plaintiff has no standing to appeal from any "denial" of a request for nationwide injunctive relief. "It is a central tenet of appellate jurisdiction that a party who is not aggrieved by a[n order] of the district court has no standing to appeal it," and "a prevailing party has standing to appeal only if it can demonstrate an adverse effect resulting from the [order] in its favor." *Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 603 (5th Cir. 2004). But plaintiff suffered no adverse effects from the orders granting and extending his individual injunctive relief. The orders placed him in a better position than if the court had not issued the orders. Indeed, the orders gave plaintiff as much relief as he could receive, consistent with constitutional and equitable principles, as it gave him an injunction as a party to the lawsuit. *See* Gov't Mot. 21-22.

Abandoning all pretense of coherence, plaintiff argues in the alternative (at 18-19) that this Court has appellate jurisdiction because the district court "granted" an injunction, *see* 28 U.S.C. § 1292(a)(1). But plaintiff does not seek to reverse the district court's order. Plaintiff cites no authority for the suggestion that the recipient of an injunction can appeal from an order that gave that party complete relief for a time, and the government is aware of none.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this appeal.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney*
    *General*

DAMIEN DIGGS
  *United States Attorney*

ABBY C. WRIGHT
SEAN R. JANDA

*/s/ Ben Lewis*
BEN LEWIS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7250*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-2494*

October 2023

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1288 words. This brief also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Ben Lewis*
BEN LEWIS

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2023, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Ben Lewis*
BEN LEWIS