No. 23-40556

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

BLAKE J. WATTERSON,

Plaintiff-Appellant,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; MERRICK GARLAND, U.S. Attorney General; and UNITED STATES OF AMERICA

Defendants-Appellees.

On Appeal from the United States District Court
for the Eastern District of Texas

**SUPPLEMENTAL BRIEF IN RESPONSE TO COURT DIRECTIVE**

BRIAN M. BOYNTON
   *Principal Deputy Assistant Attorney General*

DAMIEN DIGGS
   *United States Attorney*

ABBY C. WRIGHT
SEAN R. JANDA
BEN LEWIS
   *Attorneys, Appellate Staff*
   *Civil Division*
   *U.S. Department of Justice*
   *950 Pennsylvania Ave., NW*
   *Washington, DC 20530*
   *202-514-2494*

## TABLE OF CONTENTS

**Page**

STATEMENT ............................................................................................... 1

ARGUMENT ............................................................................................... 6

CONCLUSION ......................................................................................... 11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## STATEMENT

1. The legal and procedural background relevant to this appeal are described more completely in the government's previously filed motion to dismiss and opposition to motion for a stay or injunction pending appeal. *See* Mot. to Dismiss 2-6. In brief, however, Congress has regulated short-barreled rifles—that is, firearms "designed," "made," and "intended" to be "fired from the shoulder" with barrels shorter than 16 inches, *see* 26 U.S.C. § 5841, 5845—under the National Firearms Act (NFA). Such firearms may legally be manufactured, distributed, and possessed, but they are subject to the registration, taxation, and approval requirements that Congress has imposed on the especially dangerous weapons covered by the NFA.

Over the past decade, some manufacturers have sold firearms with rearward attachments marketed as "stabilizing braces." Many of these braces are virtually indistinguishable from shoulder stocks and are in fact designed and intended to facilitate shoulder firing. Nevertheless, many manufacturers have claimed that the braces are designed to rest against, or wrap around, a shooter's forearm—not to be shouldered. Thus, they have claimed that braced firearms are not rifles and are not subject to the NFA's requirements.

In response to this evasion of federal law and confusion among manufacturers and purchasers, ATF issued a Rule "to provide clarity to the firearm industry and public on how ATF evaluates firearms equipped with a 'stabilizing brace.'" *See* Factoring Criteria for Firearms With Attached "Stabilizing Braces," 88 Fed. Reg. 6478

(Jan. 31, 2023) (Rule). In the main, the Rule clarifies that the statutory design-and-intent standard does not turn only on a manufacturer's stated intent but also focuses on a weapon's design and other objective evidence. And the Rule sets forth evidence that ATF will consider when determining whether any particular braced firearm is designed and intended to be shoulder-fired.

2. Plaintiff Blake Watterson brought this suit challenging the Rule on a variety of statutory and constitutional grounds. Plaintiff moved for preliminary relief, and the district court enjoined the government from enforcing the Rule against plaintiff pending this Court's decision in a different challenge to the Rule, *Mock v. Garland*, No. 23-10319 (5th Cir.). *See* Dkt. 37. After this Court issued its opinion in *Mock*—in which it concluded that the plaintiffs there were likely to succeed on their claim that the Rule violated the APA's notice-and-comment requirements—plaintiff renewed his motion for preliminary relief. *See* Dkt. 42. In response, the district court clarified that the injunction remained in effect pending issuance of the *Mock* mandate and requested additional briefing. *See* Dkt. 44.

The day after the mandate issued in *Mock*, plaintiff filed an interlocutory notice of appeal. He asserted that the district court had constructively denied his preliminary injunction motion by not ruling on it before the issuance of the *Mock* mandate. *See* Dkt. 51. Before doing so, plaintiff did not renew his request for relief in district court, request a decision from that court by a specific date, or ask the district court to enter an injunction pending a potential appeal.

Plaintiff then moved for an injunction or stay pending appeal in this Court, and the government moved to dismiss the appeal for lack of appellate jurisdiction. In response, this Court entered an order explaining that "the district court has not acted on plaintiff's post-*Mock* request for equitable relief." Order, Dkt. 48-2 (Nov. 29, 2023). Thus, this Court remanded the case "for the limited purpose of allowing the district court to rule expeditiously on the plaintiff's pending motion." *Id.*

3. On remand, the district court denied plaintiff's motion for additional preliminary relief, concluding that he is unlikely to succeed on the merits of any of his claims and cannot establish a likelihood of irreparable harm in the absence of preliminary relief. *See* Dkt. 60 (Op.).[1]

First, the district court rejected plaintiff's claim that the Rule "violates Article I and constitutional Separation of Powers principles because it is an unconstitutional exercise of core legislative power." Op. 22. The court explained that Congress has validly "delegated authority to administer and enforce" the NFA, including by prescribing "needful rules and regulations," to the Attorney General and the Attorney General has delegated that authority to ATF. Op. 23 (quoting 26 U.S.C. § 7805(a)). And the court further explained that because "[s]ome stabilizing braces are used to brace against a shooter's forearm while others closely resemble common shoulder

---

[1] As the district court explained, although *Mock* held that the Rule was not a logical outgrowth of the proposed rule, plaintiff in this case has "brought no such procedural challenge." Op. 21. Thus, *Mock* does not demonstrate that plaintiff is likely to succeed on the merits of his claims.

3

stocks," the Rule "is needful and necessary" to "establish[] clear criteria that the ATF shall consider when determining whether" any particular braced firearm is a short-barreled rifle. Op. 24. For similar reasons, the court rejected plaintiff's claim that the Rule is contrary to the NFA, explaining that the Rule "does not 'rewrite' the definition of 'rifle' to encompass additional weapons" but only "provides a framework to determine whether a particular weapon equipped with a stabilizing brace is designed, made, and intended to be fired from the shoulder." Op. 27.

Next, the district court rejected plaintiff's claim that the Rule's immediate effective date violated the Congressional Review Act provision requiring that a "major rule" "shall take effect" 60 days after publication in the Federal Register or provision to Congress. 5 U.S.C. § 801(a)(3). The court explained that the Congressional Review Act expressly precludes judicial review of such claims, *see* 5 U.S.C. § 805, and that, in any event, the Rule complied with the statute by providing that ATF would not "initiat[e] enforcement actions for at least 60 days following" publication. Op. 29-30. And the court was similarly unpersuaded by plaintiff's related claim that the effective date violated the APA's requirement that publication of a "substantive rule shall be made not less than 30 days before its effective date." 5 U.S.C. § 553(d). Although the court believed that the Rule's immediate effective date violated that requirement, it concluded that the violation was harmless—both because ATF established a 60-day waiting period before enforcement and because the Rule was not immediately enforced against plaintiff himself. Op. 30-31.

4

In addition, the district court rejected plaintiff's claim that the Rule violates the Second Amendment. As the court explained, the Supreme Court has made clear that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes." Op. 35 (quoting *Dist. of Columbia v. Heller*, 554 U.S. 570, 625 (2008)). And, the court continued, the Supreme Court has stated both that short-barreled shotguns are dangerous and unusual weapons that fall outside the protection of the Second Amendment and also that short-barreled rifles are "likely to be used for criminal purposes rather than lawful purposes." Op. 35-36; *see also United States v. Thompson/Ctr. Arms Co.*, 504 U.S. 505, 517 (1992) (NFA regulates "certain weapons likely to be used for criminal purposes," including short-barreled rifles); *United States v. Miller*, 307 U.S. 174, 178 (1939) (upholding NFA's regulation of short-barreled shotguns against a Second Amendment challenge). In light of that precedent, the court held that short-barreled rifles—whether made with a stabilizing brace or a traditional shoulder stock—are likely dangerous and unusual weapons not protected by the Second Amendment. Op. 36. And even setting that aside, the court additionally recognized that the NFA's relatively minor registration and taxation requirements did not materially impinge the ability of individuals to bear NFA-regulated arms for self-defense purposes. Op. 36-38.

Finally, the district court concluded that plaintiff had failed to show a substantial likelihood of irreparable harm without preliminary relief. The court explained that a different district court has entered an order staying the Rule in its

5

entirety and, as a result, ATF "is not currently enforcing the" Rule. Op. 38-39; *see Britto v. ATF*, No. 2:23-cv-19, 2023 WL 7418291 (N.D. Tex. Nov. 8, 2023), *appeal filed*, No. 23-11203 (5th Cir.). Thus, the court held that plaintiff "has not demonstrated that he is likely to suffer irreparable harm." Op. 39.

Based on its conclusions that plaintiff was unlikely to succeed on the merits of any of his claims and had not demonstrated a likelihood of irreparable harm, the court denied plaintiff's request to enter preliminary relief.

4. On March 7, 2024, this Court entered an order directing the parties to brief the effect of the district court's denial of plaintiff's motion on the motion to dismiss and the motion for an injunction pending appeal that are currently before this Court. The government now submits this supplemental brief in response to that order.

## ARGUMENT

As the government has previously explained, this Court lacks appellate jurisdiction over this appeal because plaintiff improperly appealed before the district court ruled on his preliminary injunction motion. *See* Mot. to Dismiss 6-8. And, as the government also explained, even if this Court had jurisdiction, plaintiff's motion for an injunction pending appeal should be denied because plaintiff failed to comply with the procedural requirements for such a motion and has failed to demonstrate a substantive entitlement to emergency preliminary relief. *See* Mot. to Dismiss 9-22.

The district court's recent order only confirms that the government is correct on both scores. The district court has now definitively denied plaintiff's request for

6

preliminary relief, confirming that plaintiff's premature appeal before the district court could rule was improper. If plaintiff wishes to challenge the district court's order, he must file a new notice of appeal. And the district court carefully considered plaintiff's request for preliminary relief on the merits, rejecting each of plaintiff's merits contentions in a thorough opinion demonstrating why plaintiff is not entitled to preliminary relief in this Court.

1. This Court lacks jurisdiction over this appeal and should therefore grant the government's motion to dismiss. *See* Mot. to Dismiss 6-8. The district court's recent denial of plaintiff's renewed request for preliminary relief only underscores that this Court lacks jurisdiction over plaintiff's premature appeal.

In this appeal, plaintiff sought review of the district court's "effective denial" of his motion for a preliminary injunction and his motion to extend the previous temporary injunction. *See* Notice of Appeal. But this Court only has jurisdiction over appeals from interlocutory orders that, as relevant here, "refus[e]" injunctions. 28 U.S.C. § 1292(a)(1). The district court's previous failure to enter a decision on plaintiff's preferred timeframe "is not," standing alone, "an order refusing injunctive relief, and is not appealable." *Overton v. City of Austin*, 748 F.2d 941, 951 (5th Cir. 1984); *see* Mot. to Dismiss 6-8.

The district court's recent order confirms the correctness of the government's argument. Although the district court did not decide plaintiff's motion for preliminary relief on the timeframe plaintiff preferred, its inaction was not a denial of that motion.

7

Instead, the district court had "intended to expeditiously consider the merits of" plaintiff's request and was only prevented from doing so by plaintiff's premature filing of a notice of appeal that divested the district court of jurisdiction. *See* Op. 18. And in any event, the district court has now ruled on plaintiff's motion and has refused the injunctive relief that plaintiff requested. That new ruling actually denying plaintiff's motion supersedes any implicit, constructive denial that plaintiff previously perceived in the district court's inaction; plaintiff cannot maintain an appeal from an "effective denial" that no longer exists.

Of course, the district court's new order denying plaintiff's renewed request for a preliminary injunction is itself an appealable interlocutory order "refusing" an injunction. 28 U.S.C. § 1292(a)(1). Thus, to the extent that plaintiff wishes to appeal that order, he is free to file a new notice of appeal designating that order. *See* Fed. R. App. P. 3(c)(1)(B) (providing that a notice of appeal must "designate" the "appealable order" "from which the appeal is taken"). But plaintiff's previous notice of appeal, which does not designate the district court's recent appealable order and which was filed in an attempt to challenge inaction over which no appellate jurisdiction exists, does not provide any basis for this Court to exercise jurisdiction over a challenge to the new, appealable denial of plaintiff's motion.

2. The district court's recent order also confirms that plaintiff is not entitled to an injunction pending appeal, even if this Court had jurisdiction over this appeal. That is true in two ways.

First, plaintiff has failed to satisfy the requirement of Fed. R. App. P. 8(a)(2) that he first seek an injunction pending appeal in district court before moving in this Court—or that he demonstrate that doing so was "impracticable." Indeed, plaintiff not only failed to satisfy that requirement before initially filing his motion in this Court but he has also failed to satisfy the requirement following the district court's new denial of his request for an injunction.

Although plaintiff previously suggested that filing such a motion would be impracticable because the district court "failed to act" on his preliminary injunction motion, *see* Mot. for Injunction 7-8, the district court's new opinion demonstrates the error in that position. For one, as explained, the new opinion confirms that the district court had been expeditiously considering plaintiff's preliminary injunction motion— and that it was plaintiff's own premature filing of a notice of appeal that prevented the court from deciding the motion. Thus, plaintiff has no reasonable argument that it would have been "pointless," *Ruiz v. Estelle*, 650 F.2d 555, 567 (5th Cir. 1981) (per curiam), to direct his motion for an injunction pending appeal to the district court in the first instance.

Moreover, although the district court ultimately denied plaintiff's motion for preliminary relief, the court's thorough new opinion considers in detail each of plaintiff's claims and his assertion of irreparable harm. That opinion more than demonstrates the district court's careful approach to plaintiff's contentions and underscores why that court "should have [had] the opportunity to rule" first on

9

plaintiff's motion. *Ruiz*, 650 F.2d at 567; *cf. Whole Women's Health v. Paxton*, 972 F.3d 649, 653-54 (5th Cir. 2020) (district court's previous denial of a request for relief does not excuse a party from Rule 8's requirement).

Second, plaintiff fails to demonstrate an entitlement to an injunction pending appeal because he fails to meet each of the relevant factors: he is unlikely to succeed on the merits, he cannot demonstrate irreparable harm, and the balance of equities and the public interest weigh against injunctive relief. *See* Mot. to Dismiss 10-22. The district court's thorough opinion bolsters these arguments; that opinion explains, in considerable detail, the court's conclusions that plaintiff is unlikely to succeed on the merits of his claims and that plaintiff has failed to demonstrate any irreparable harm in the absence of preliminary relief. Because plaintiff prematurely appealed and sought relief in this Court, he has not grappled with the district court's reasoning or even attempted to demonstrate any error in the court's analysis. That failure to engage with the district court's careful consideration underscores that plaintiff is not entitled to an injunction pending appeal on the merits.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this appeal.

    Respectfully submitted,

    BRIAN M. BOYNTON
        *Principal Deputy Assistant Attorney General*

    DAMIEN DIGGS
        *United States Attorney*

    ABBY C. WRIGHT
    SEAN R. JANDA

    */s/ Ben Lewis*
    BEN LEWIS
        *Attorneys, Appellate Staff*
        *Civil Division, Room 7250*
        *U.S. Department of Justice*
        *950 Pennsylvania Avenue NW*
        *Washington, DC 20530*
        *(202) 514-2494*

March 2024

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2513 words. This brief also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ Ben Lewis*
BEN LEWIS

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2024, I electronically filed the foregoing response with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Ben Lewis*
BEN LEWIS