No. 23-40556

# In the United States Court of Appeals For the Fifth Circuit

BLAKE J. WATTERSON,

*Plaintiff-Appellant,*

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; STEVEN DETTELBACH, in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives; UNITED STATES DEPARTMENT OF JUSTICE; MERRICK GARLAND, in his official capacity as Attorney General of the United States; and UNITED STATES OF AMERICA,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of Texas

**APPELLANT'S SUPPLEMENTAL BRIEF**

ROBERT HENNEKE
CHANCE WELDON
MATTHEW MILLER
CLAYTON WAY CALVIN
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728

*Counsel for Plaintiff-Appellant*

TABLE OF CONTENTS

Table of Authorities ................................................................................ ii
Argument .............................................................................................. 2
   I.   The March 1 Order Moots Appellee's Motion to Dismiss. ........... 2
   II.  The March 1 Order Makes Appellant's Motion for a Stay and Preliminary Injunction Ripe for Decision. .................................. 3
   III. The March 1 Order Resumes the Case's Regular Briefing. ......... 5
   IV. The March 1 Order Situates This Case Similarly to Other Appeals. ................................................................................... 6
Conclusion ............................................................................................ 7
Certificate of Compliance ...................................................................... 9
Certificate of Service ........................................................................... 10

# TABLE OF AUTHORITIES

## *Cases*

*Dillard v. Davis*,
  2023 U.S. LEXIS 25081 (5th Cir. Sept. 23, 2023) ................................ 8

*Thomas v. Pohlmann*,
  681 F. App'x 401 (5th Cir. 2017) ......................................................... 6

*Watterson v. ATF*,
  No. 4:23-cv-00080 (E.D. Tex. Mar. 1, 2024) ........................................ 4

## *Statutes*

28 U.S.C. § 1292 .................................................................................... 6

## *Regulations*

Final Rule, *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"*
  88 Fed. Reg. 6478 (Jan. 31, 2023) ....................................................... 8

Pursuant to the Court's order, ECF No. 63 (Mar. 7, 2024), Appellant Watterson submits this supplemental brief explaining how the district court's March 1 Order, *Watterson v. ATF*, No. 4:23-cv-00080, ECF No. 60 (E.D. Tex. Mar. 1, 2024), affects the various motions pending in this Court. Below, Appellant explains why the Court should deny Appellee's motion to dismiss, grant Appellant's motion for a stay and preliminary injunction, direct Appellee to respond to Appellant's opening brief, and consolidate this case with the already-consolidated *Second Amend. Found. v. BATFE*, No. 23-11157; *Mock v. Garland*, No. 23-11199; *Britto v. BATFE*, No. 23-11203; *Texas Gun Rights, Inc. v. BATFE*, No. 23-11204; and *State of Texas v. BATFE*, 23-40685 (collectively the "Consolidated Cases").

Currently, the motions pending before this Court are Appellees' motion to dismiss, ECF No. 30 (Oct. 10, 2023), and Appellant's motion for a stay and preliminary injunction, ECF No. 8 (Sept. 27, 2023). Briefing on both motions is complete, *see* Appellant's Reply for Stay Mot., ECF No. 34 (Oct. 16, 2023); Appellees' Reply for Mot. to Dismiss, ECF No. 39 (Oct. 23, 2023). Additionally, Appellant has filed his opening merits brief in this appeal. *See* Appellant's Brief, ECF No. 41 (Nov. 17, 2023).

The district court's March 1 Order moots Appellee's motion to dismiss and resumes this Court's jurisdiction over Appellant's appeal. Further, the decision ripens for decision Appellant's motion for a stay and preliminary injunction, removes this case from abeyance so that regular briefing may resume, and situates Appellant's appeal similarly to the Consolidated Cases, which challenge Appellees' same rule.

## ARGUMENT

### I. The March 1 Order Moots Appellee's Motion to Dismiss.

First, the March 1 Order from the district court confirms that this Court has jurisdiction over Appellant's appeal. Because Appellee's motion to dismiss was based on the argument that this Court lacked appellate jurisdiction, and the March 1 Order now precludes this conclusion, Appellee's motion to dismiss is therefore moot.

This Court has retained jurisdiction over Appellant's appeal since the issuance of the mandate in *Mock v. Garland*, *see* August 14 Order, ECF No. 44 (E.D. Tex. Aug. 14, 2023), which left Appellant without relief. *See* ECF No. 8, at 7-8; ECF No. 41, at 2-3. The district court's March 1 Order constitutes an "[i]nterlocutory order[] of the district court[] . . .

refusing [an] injunction[]," and therefore only confirms this Court's appellate jurisdiction. 28 U.S.C. § 1292(a)(1).[1]

Because a lack of appellate jurisdiction was the only basis for dismissal advanced in Appellee's briefing on this matter, and jurisdiction certainly exists at this juncture, Appellee's motion to dismiss is moot. The Court should deny it accordingly.

## II. The March 1 Order Makes Appellant's Motion for a Stay and Preliminary Injunction Ripe for Decision.

Second, because this Court has jurisdiction over Appellant's appeal, the motion-to-dismiss briefing is moot, and the briefing regarding his motion for a stay and preliminary injunction has been completed, the latter is now ripe for decision. The case's logical progression will now involve the parties' appellate briefing. In the meantime, Appellant seeks relief during the pendency of this litigation. His motion for a stay and

---

[1] Even assuming, *arguendo*, that the Court previously lacked jurisdiction because Appellant filed his notice of appeal prematurely—and he did not, *see* Appellant's Resp. to Mot. to Dismiss, ECF 35 (Oct. 16, 2023), at 14-22—the Court certainly has jurisdiction after the March 1 Order. *See Thomas v. Pohlmann*, 681 F. App'x 401, 404-05 (5th Cir. 2017) (per curiam) (recognizing that the Court may "exercise[] jurisdiction over a premature notice of appeal when, subsequent to the filing of that notice of appeal and prior to our consideration, the district court entered a final judgment").

preliminary injunction is the only motion currently pending before this Court presenting live issues.

As stated in that motion, Appellant is likely to succeed on the merits of his constitutional and statutory claims, ECF No. 8, at 9-21, will suffer irreparable harm in the absence of relief pending appeal, *id.* at 21-24, and the equities and public interest weigh in favor of granting relief, *id.* at 24-27. None of the foregoing has changed since Appellant initially filed his motion, or as a result of the March 1 Order.

Additionally, plaintiffs in the Consolidated Cases have received protection for the pendency of the litigation. *See Mock*, ECF No. 92 (N.D. Tex. Oct. 2, 2023); *Texas Gun Rights, Inc.*, ECF No. 41 (N.D. Tex. Nov. 13, 2023); *State of Texas*, ECF No. 80 (S.D. Tex. Oct. 27, 2023); *but see Second Amend. Found.*, No. 4:23-cv-00578-O, ECF No. 109 (N.D. Tex. Nov. 13, 2023) (denying plaintiffs' preliminary-injunction motion).[2] For Watterson, although the plaintiffs in *Britto* were granted a § 705 stay, that relief could be stayed pending appeal or otherwise terminated without sufficient notice to Watterson.

---

[2] This Court reversed the denial a similar preliminary-injunction motion in *Mock. See Mock v. Garland*, No. 23-10319, ECF No. 151 (5th Cir. Aug. 1, 2023).

4

The *Britto* stay also does not protect Watterson from the Department's enforcement of the National Firearms Act and Gun Control Act in accordance with the Final Rule, *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* 88 Fed. Reg. 6478 (Jan. 31, 2023), which the Department contends is the best interpretation of those statutes. *See, e.g.,* Defs.' Resp. to Emerg. Prelim. Inj. Mot., *Mock*, No. 23-10319, ECF No. 35 (5th Cir. May 19, 2023), at 21; *see also* ECF No. 41, at 65. Accordingly, and because this motion is fully briefed, this Court should grant Appellant's motion for a stay and preliminary injunction.

### III. The March 1 Order Resumes the Case's Regular Briefing.

Third, this Court "plac[ed] this case in abeyance" for the limited purpose of allowing the "district court [to] rul[e] on plaintiff's post-*Mock* motion for equitable relief." ECF No. 48-1 (Nov. 29, 2023), at 1. This Court "retain[s] jurisdiction over the appeal except for the purposes of the limited remand" and can "process the appeal immediately upon the return of the case from the district court." *Dillard v. Davis*, 2023 U.S. LEXIS 25081, at *2 (5th Cir. Sept. 23, 2023).

Because the district court has now ruled on that motion, "the case has been removed from abeyance," ECF No. 48-1, at 1, and regular

briefing may resume. Appellant filed his opening brief on November 17. ECF No. 41. The Court should accordingly direct Appellee to respond to Appellant's brief.

## IV. The March 1 Order Situates This Case Similarly to Other Appeals.

Fourth, the March 1 Order places Appellant's case in a similar procedural posture as the Consolidated Cases. Consolidation of this case with those cases would conserve time and judicial resources, and would help streamline discussion of the legal issues that vary from case to case. Watterson's constitutional and statutory claims, for example, provide a basis for resolution of all the Consolidated Cases, and the Court can indeed decide them on these grounds. *See* Amicus Brief of Tex. Pub. Pol'y Found., ECF No. 71 (Feb. 28, 2024), at 4-5. If the Court did so, it would not need to address whether the Department is correct that the *Britto* plaintiffs disavowed their logical-outgrowth claim, nor would it need to decide whether the *Texas Gun Rights* plaintiffs' arbitrary-and-capricious claim is likely to succeed.

It is noteworthy, however, that Watterson's case includes a request for a unique form of relief: a § 705 stay. *See* ECF No. 41, at 65. But this should not be a barrier to consolidation and that issue can be argued

separately if the Court later chooses. Finally, consolidation would not require that the Court adhere the briefing schedule in this case to that of the others. *See Second Amend. Found.*, No. 23-11157, ECF No. 65 (5th Cir. Feb. 2, 2024). Instead, the Court could resume the current schedule, *see* ECF No. 29, or set a new one.

## CONCLUSION

For the foregoing reasons, the Court should deny Appellee's motion to dismiss, grant Appellant's motion for a stay and preliminary injunction, direct Appellee to respond to Appellant's opening brief, and consolidate this case with the recently consolidated cases.

Dated: March 13, 2024,   Respectfully submitted,

*/s/Matthew Miller*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
cweldon@texaspolicy.com
Texas Bar No. 24076767
MATTHEW MILLER
  *Lead Counsel*
Texas Bar No. 24046444
mmiller@texaspolicy.com
CLAYTON WAY CALVIN
Texas Bar No. 24132780
ccalvin@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700
Facsimile: (512) 472-2728

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the typeface, type-style, and length requirements in 5th Circuit Rule 27.4 and Federal Rules of Appellate Procedure 27(d)(1)(E), (d)(2)(A) and 32(a)(5), (6) because it is in 14-point Century Schoolbook font and contains 1,339 words, excluding the parts exempted by Federal Rules of Appellate Procedure 32(f).

*/s/Matthew Miller*
Matthew Miller

## CERTIFICATE OF SERVICE

I hereby certify that, on March 13, 2024, a copy of the foregoing document was electronically filed and served via CM-ECF on all counsel who are registered CM/ECF users.

*/s/Matthew Miller*
Matthew Miller
