# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2024

Lyle W. Cayce
Clerk

No. 23-40556

BLAKE J. WATTERSON,

*Plaintiff—Appellant*,

versus

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, and EXPLOSIVES; STEVEN DETTELBACH, *in his official capacity as Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives*; UNITED STATES DEPARTMENT OF JUSTICE; MERRICK GARLAND, *U.S. Attorney General*; UNITED STATES OF AMERICA,

*Defendants—Appellees*,

CONSOLIDATED WITH

No. 23-11157

SECOND AMENDMENT FOUNDATION, INCORPORATED; RAINIER ARMS, L.L.C.; SAMUEL WALLEY; WILLIAM GREEN,

*Plaintiffs—Appellants*,

versus

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, and EXPLOSIVES; STEVEN DETTELBACH, *in his official capacity Director of the Bureau of Alcohol Tobacco Firearms and Explosives*; UNITED STATES

No. 23-40556
c/w Nos. 23-11157, 23-11199, 23-11203, 23-11204, 23-40685

Department of Justice; Merrick Garland, *U.S. Attorney General*,

*Defendants—Appellees*,

consolidated with

No. 23-11199

William T. Mock; Christopher Lewis; Firearms Policy Coalition, Incorporated, *a nonprofit corporation*; Maxim Defense Industries, L.L.C.,

*Plaintiffs—Appellees*,

*versus*

Merrick Garland, *U.S. Attorney General, in his official capacity as Attorney General of the United States*; United States Department of Justice; Bureau of Alcohol, Tobacco, Firearms, and Explosives; Steven Dettelbach, *in his official capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives*,

*Defendants—Appellants*,

consolidated with

No. 23-11203

Darren A. Britto; Gabriel A. Tauscher; Shawn M. Kroll,

*Plaintiffs—Appellees*,

No. 23-40556
c/w Nos. 23-11157, 23-11199, 23-11203, 23-11204, 23-40685

*versus*

Bureau of Alcohol, Tobacco, Firearms, and Explosives,

*Defendant—Appellant*,

consolidated with
_____

No. 23-11204
_____

Texas Gun Rights, Incorporated; National Association for Gun Rights, Incorporated,

*Plaintiffs—Appellees*,

*versus*

Bureau of Alcohol, Tobacco, Firearms, and Explosives,

*Defendant—Appellant*,

consolidated with
_____

No. 23-40685
_____

State of Texas; Gun Owners of America, Incorporated; Gun Owners Foundation; Brady Brown,

*Plaintiffs—Appellees*,

*versus*

No. 23-40556
c/w Nos. 23-11157, 23-11199, 23-11203, 23-11204, 23-40685

Bureau of Alcohol, Tobacco, Firearms, and Explosives; United States Department of Justice; Steven M. Dettelbach, *Director of ATF*,

*Defendants—Appellants*.

———————————————————

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CV-80
for the Northern District of Texas
USDC Nos. 3:21-CV-116, 4:23-CV-95, 2:23-CV-19, 4:23-CV-578
and for the Southern District of Texas
USDC No. 6:23-CV-13

———————————————————

Before Jones, Smith, and Ho, *Circuit Judges*.
Per Curiam:[*]

In one of the six consolidated appeals, *Mock v. Garland*, No. 23-11199, the Government has moved to dismiss its appeal as moot because the district court has entered a final judgment in the case. In light of this development, we DISMISS all the consolidated appeals as moot.

The consolidated appeals are from orders granting or denying motions to preliminarily enjoin the enforcement of a rule issued by the Bureau of Alcohol, Tobacco, Firearms, and Explosives. In *Mock*, the district court proceeded to final judgment while the appeal from its preliminary injunction order was pending. The district court's final judgment vacated BATFE's rule under the Administrative Procedure Act. The Government has appealed the

———

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

district court's ruling and has not moved for a stay pending appeal. *See* Case No. 24-10743.

An appeal is moot when "the preliminary injunctions no longer provide Plaintiffs 'any effectual relief.'" *U.S. Navy Seals 1–26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023) (citing *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020)); *see also Carr v. Davis*, 865 F.3d 210, 210 (5th Cir. 2017) (per curiam) ("The entry of a final judgment on a request for permanent injunctive relief renders moot any appeal of an order ruling on a temporary request for the same relief." (citation omitted)). Because the rule that Plaintiffs seek to preliminarily enjoin enforcement of has been vacated and will remain vacated at least until this court decides the new appeal in *Mock*, a preliminary injunction would not provide Plaintiffs with any effectual relief. We accordingly DISMISS all six of the consolidated appeals as moot.